Filed 5/22/25  P. v. Gonzales CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS JIMENEZ GONZALES, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B337578<br>(Super. Ct. No. 21CR06864)<br>(Santa Barbara County) |

Luis Jimenez Gonzales, Jr. appeals an order denying his post-conviction motion to withdraw his guilty plea.  We appointed counsel to represent him.  After an examination of the record, counsel filed an opening brief raising no issues and requested we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief raising no meritorious issues.  We will dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant is a three-strike offender.  He was charged with felony criminal threats and dissuading a witness following a

verbal altercation with an ex-girlfriend in July of 2021. A year later he settled with prosecutors on the following terms: (1) he would plead guilty to the charges and admit a prior strike and aggravating circumstances; (2) the court would impose an aggregate prison term of seven years, suspended for a domestic violence probation term of three years; (3) it would strike a prior strike conviction; (4) appellant would waive custody credits; and (5) the court would immediately release him from custody on a *Cruz* waiver.[1] He agreed his guilty plea would stand if he violated the waiver's conditions and would result in a prison sentence. The court released him and ordered him to return for sentencing on August 31, 2022.

Appellant was arrested four days after his release and charged with obstructing an officer. (Pen. Code, § 148).[2] He returned to court on August 5, 2022, and pleaded guilty to the new charge. The court imposed a term of 120 days in jail and postponed sentencing on the criminal threats case to September 21. It told appellant, "We are going to give you another opportunity. Any violations of probation or law, you are going to get the state prison sentence. The People have made it known prior to going on the record . . . that they think you should go to state prison now because that was the deal. But I have – we are going to give you one more chance. Given the nature of the new offense and the circumstances that were related [sic] to me

_____

[1] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 [a *Cruz* waiver is an agreement in which the defendant is released from custody in return for promises not to commit other crimes and return for sentencing, or else the court could impose a sentence greater than the bargained-for term].

[2] Unspecified statutory references are to the Penal Code.

regarding that offense, I am willing to give you one chance. But this can't happen indefinitely. . . . That's what state prison suspended means. . . . I don't want to do that." Appellant responded that he appreciated the chance and understood the consequences of violating the law or probation. The court remanded him into custody.

Appellant appeared on September 21 for sentencing. The prosecutor reported appellant had "picked up another 148," or obstruction charge, after arguing with a corrections officer in jail. Appellant requested a *Marsden* hearing and told the court "I want to withdraw my plea [based] on ineffective assistance of counsel, on all my – on my charges, on my criminal threats charge, everything." (§1018.) The court continued sentencing to October 6, then again to October 27, so court reporters could prepare transcripts from the relevant hearing dates.

Two attorneys appeared for appellant on October 27: his previously appointed attorney and a new one appointed to review the plea agreement. The court said appellant "would be released today but for the new case that was filed alleging violation of [section 148]." It viewed a video of the jail incident and dismissed the charge over the People's objection, finding appellant did not violate the *Cruz* waiver. The court told appellant it would "put . . . over" sentencing so his new attorney could review the plea and determine if grounds existed to withdraw it. Appellant responded, "Your Honor, I want to withdraw that Penal Code 1018. If you're going to sentence me today and let me get out, I would rather do that. And I'm going to bypass – however I would address it, I want to withdraw not the plea but my motion on Penal Code 1018 when I objected to being sentenced last week. I would like to go with sentencing seven years with half and let me out with three years probation today." Appellant explained why

3

he no longer wanted to withdraw the plea and that he mistakenly believed his attorney had provided ineffective assistance. The court asked whether he needed to discuss the plea further with counsel before sentencing. Appellant said he did not. The court recited the terms of the agreement and obtained waivers. It imposed the agreed prison sentence but stayed execution of the judgment. Appellant said his current attorney could continue to represent him. The court released him from jail.

In April of 2023, appellant requested a hearing date on a motion to withdraw based on "ineffective assistance of counsel." The court appointed new counsel. The People requested a probation violation hearing around the same time. The court held a combined violation and plea withdrawal hearing on August 7. A probation officer testified that appellant, among other things, did not comply with his work program, failed to attend drug and domestic violence meetings, and tested positive for methamphetamine and marijuana. Appellant addressed the court. He said he believed it would be a waste of his time to participate in services after he decided to withdraw his plea.

The court found appellant in violation and remanded him to custody for transportation to the Department of Corrections. It stated that it "didn't see even a colorable argument" for withdrawing the plea. It asked appellant's newly appointed counsel for his opinion. Counsel responded that appellant no longer wanted him to represent him.

Appellant—now represented by yet another attorney—filed another motion to withdraw his plea in March of 2024. The motion stated it was based on the notice of motion appellant filed in April of 2023. It argued prior counsel provided ineffective assistance of counsel by, among other things, waiving appellant's rights to a speedy trial and pressuring him to accept prosecutor's

4

settlement instead of preparing his case for trial.  The court denied the motion as untimely under section 1018 because the court had entered judgment in October of 2022.  It also found appellant failed to demonstrate good cause to withdraw the plea, and that he filed his April 2023 notice only after probation told him he was in violation of his terms.

## DISCUSSION

Appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], because he appeals an order denying postconviction relief rather than his underlying criminal conviction.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) Appellant is nevertheless entitled to our consideration of the contentions raised in his supplemental brief.  (See *Delgadillo*, at p. 232.)

Appellant's supplemental brief raises 14 numbered contentions involving this case and four other past and present criminal matters.  Those relevant to this case include violations of his right to self-representation (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]) and his Sixth Amendment rights to effective assistance of counsel and a speedy trial.  We have read and considered these contentions.  We conclude the trial court properly exercised its discretion when it denied appellant's motion to withdraw.

A court may "for a good cause shown, permit the plea of guilty to be withdrawn."  (§ 1018.)  A defendant must apply to withdraw a plea "before judgment or within six months after an

5

order granting probation is made if entry of judgment is suspended." (*Ibid*.)  We review a trial court's ruling on a motion to withdraw a plea for abuse of discretion.  (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)  We will not reverse unless the trial court acted in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)  We "must adopt the trial court's factual findings if substantial evidence supports them." (*Fairbank*, at p. 1254.)

The trial court did not suspend entry of judgment here.  It convicted appellant on October 27, 2022, and stayed execution of judgment pending his successful completion of probation.  It lacked jurisdiction to consider any motion to withdraw after that date.  The record would have supported denying the motion on its merits as well.  Appellant lacked good cause to withdraw his plea. The court questioned him at length at sentencing.  Appellant explained why he no longer wanted to replace his attorney.  He confirmed he preferred to accept the plea because it would result in his immediate release from jail.  The court reasonably viewed his later allegations of "coercion" by counsel as contradictory and self-serving.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.          BALTODANO, J.

Brian E. Hill and Jean M. Dandona, Judges

Superior Court County of Santa Barbara

_____

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.